DATA GENERAL
CORPORATION, Plaintiff,

v.

SOUTHWEST RESEARCH
INSTITUTE, Defendant.

Civ. A. No. 88-0007-XX.

United States District Court,
D. Massachusetts.

Sept. 30, 1988.

Pamela E. Berman and Robert S. Frank, Jr., Choate, Hall & Stewart, Boston, Mass., for plaintiff.

I. Stephen Samuels, Samuels, Gauthier, Stevens & Kehoe, Boston, Mass., and Ted D. Lee and Ann Livingston, Gunn, Lee & Jackson, San Antonio, Tex., for defendant.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This case is before the Court on defendant's Motion to Dismiss or Transfer (Docket Document # 11). The matter was heard July 18, 1988.

In my Memorandum and Order of May 16, 1988 (Docket Document # 38), I denied plaintiff injunctive relief and suggested that there existed a "serious" question as to whether this Court had jurisdiction over the person of the defendant and that perhaps transfer was warranted. After hearing and further review, and without deciding the jurisdiction issue, I reaffirm my earlier belief and grant the defendant's motion to the extent that it asks for a transfer to the Western District of Texas, San Antonio division, where a previous suit involving the same parties and arising out of the same transaction remains pending (*Southwest Research Institute v. Data General Corporation*, Cause No. SA-88-CA-35).

Title 28 U.S.C., section 1404(a), governing change of venue, provides that a district court may transfer any civil action to any other district where the action might have been brought. This may be done for the "convenience of parties and witnesses, in the interest of justice."

Counsel for defendant Southwest argues that his client and prospective witnesses would be inconvenienced if required to come to Massachusetts. He also states that Mr. Ritenour, a former employee of plaintiff Data General and a key witness, resides in Texas and is within the subpoena power of the Western District of Texas. Affidavits in support of defendant's motion further suggest that other witnesses, some of whom are neither Southwest employees nor within the subpoena power of the Commonwealth of Massachusetts, could be subpoenaed in Texas. (Kerns affid., Livingston affid.)

Moreover, many of the documents pertaining to this case are located at the defendant's facility in Texas. Some of the documents are classified and are subject to strict transportation requirements by the National Security Agency. Plaintiffs con-

cede this in an affidavit submitted to the Court after the July 18 hearing. (Yon affid.) Transportation of these documents, defendant asserts, would be inconvenient and unduly expensive.

To date, plaintiff has failed to file a written opposition to defendant's motion. Even if it had, however, having heard oral argument on the matter, I am convinced that transfer is appropriate based on the merits. The "convenience of parties and witnesses" and the "interest of justice" so dictate.

Accordingly, I order the Clerk of Court to transfer this civil action to the Western District of Texas in San Antonio so that it may be consolidated with the previously filed action. Plaintiff's Motion for Reconsideration of my May 16, 1988 Memorandum and Order is denied.

SO ORDERED.